**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4364**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RANDY BAKER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:01-cr-00045-MOC-1; 3:01-cr-00145-MOC-1)

Submitted:  November 27, 2012          Decided:  November 30, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Director, Ann L. Hester, Assistant Federal Defender, Douglas E. Roberts, Staff Attorney, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Baker appeals the district court's order revoking his two concurrent terms of supervised release and imposing concurrent sentences of twenty-two months' and ten months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal but questioning whether the district court imposed a plainly unreasonable sentence. Baker was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. We affirm.

A district court possesses broad discretion to impose a sentence revoking a defendant's supervised release term. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed upon revocation if it is within the statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. A revocation sentence is procedurally reasonable if the district court considered the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2006) factors. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. The district court need not explain its reasons for imposing a

2

revocation sentence in as much detail as in imposing an original sentence, but "it still must provide a statement of reasons for the sentence it imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

Here, the terms of imprisonment imposed by the court do not exceed the statutory maximums applicable to each offense. See 18 U.S.C. §§ 3559(a), 3583(e)(3) (West 2000 & Supp. 2012). The district court considered the advisory range, § 3553(a) factors, and arguments posed by both parties. While the court did not "robotically tick through § 3553(a)'s every subsection," it was not required to do so. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). The court adequately explained its rationale and grounded the sentence imposed in proper bases, including Baker's repeated pattern of supervised release violations, the incarceration he had already served due to prior revocations, and its conclusion that Baker had proven unsupervisable. Thus, our review of the record reveals that Baker's sentence is not unreasonable, let alone plainly so.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for review. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Baker, in writing, of the right to petition the Supreme Court of the United States for further review. If Baker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>